IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVE LABUDA, *ET AL.*, | * | |
| PLAINTIFFS | * | |
| V. | * | CIVIL ACTION NO.: RDB-11-1078 |
| SEF STAINLESS STEEL, INC. *ET AL.*, | * | |
| DEFENDANTS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiffs Steve Labuda, Herman Hicks, and Warren Knowlton (collectively, "Plaintiffs") bring this suit against SEF Stainless Steel, Inc. ("SEF"), Monica Deluca, and Homero Plada (collectively, "Defendants"), seeking wages owed pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), MD. CODE ANN. LAB & EMPL. § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), MD. CODE ANN. LAB. & EMPL. § 3-501 *et seq.* The Plaintiffs, former employees of the Defendants, generally allege that during periods in 2010 and 2011, they worked for the Defendants and did not receive wages for all hours worked, failed to receive the required minimum wage, and failed to receive overtime compensation. *See* Compl., ECF No. 1. Plaintiffs filed the Complaint on April 26, 2011, and after the Defendants failed to file an answer or otherwise plead, moved for an entry of default on June 24, 2011. *See* ECF No. 6. On September 20, 2011, the Clerk of the Court entered an Order of Default pursuant to Rule 55 of the Federal Rules of Civil Procedure. *See* ECF No. 7. Presently pending before this Court is the Plaintiffs' Motion for Default Judgment. ECF

No. 8.  This Court has reviewed the record, as well as the pleadings and exhibits, and finds that no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow, Plaintiffs' Motion for Default Judgment (ECF No. 8) will be GRANTED.

## STANDARD OF REVIEW

Entries of default and default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure.  Rule 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  If, after entry of default, the Plaintiff's Complaint does not specify a "sum certain" amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2).  In considering a motion for default judgment, this Court accepts as true the well-pleaded factual allegations in the complaint as to liability.  *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001).  However, "liability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."  10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998); *see also Ryan*, 253 F.3d at 780-81.  Although the United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party."  *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the court finds that liability is established, it must then turn to the determination of damages.  *See Ryan*, 253 F.3d at 780-81.  The court must make an independent determination

regarding damages, and cannot accept as true factual allegations of damages.  *See Lawbaugh*, 359 F. Supp. 2d. at 422.  Federal Rule of Civil Procedure 54(c) limits the type and amount of damages that may be entered as a result of a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded."  *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D. D.C. 2001) (citing *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975).  In doing so, "[i]t is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."  *Pope v. United States*, 323 U.S. 1, 12 (1944).  While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum.  *See, e.g., Mongue v. Portofino Ristorante*, No. WDQ-09-3144, 2010 WL 4629898, at *3-4 (D. Md. May 25, 2010) (collecting cases); *see also* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. Supp. 2010).

## ANALYSIS

In considering the present motion for default judgment, this Court must (1) determine whether the facts alleged in the Plaintiffs' Complaint, taken as true, establish liability on the part of Defendants, and, if they do, (2) make an independent determination regarding the appropriate award of damages.

## I. DEFENDANTS' LIABILITY

The Plaintiffs allege that between August, 2010, and February, 2011, they worked for the Defendants, and for numerous weeks during that period the Defendants did not pay any wages to the Plaintiffs for work performed.  Defendants received the Complaint on May 25, 2011, the Clerk entered default on September 20, 2011, and the Defendants have failed to respond or enter an appearance.  Accordingly, all of the Plaintiffs' allegations—other than those pertaining to damages—are deemed admitted.  Fed. R. Civ. P. 8(b)(6).  "It is within the court's discretion to grant default judgment when a defendant does not respond or defend its case." *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (collecting cases).  Accordingly, the Plaintiffs' Motion for Default Judgment is GRANTED as to liability.

## II. DAMAGES

In the present case, Plaintiffs' Complaint does not seek a specified amount of damages.  As noted, pursuant to Rule 54(c) of the Federal Rules of Civil Procedure, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  As the United States Court of Appeals for the Fourth Circuit has stated, interpretation of Rule 54(c) has "led to a dizzying array of judicial decisions addressing the precise meaning of the requirement that a default judgment may not exceed in amount that prayed for in the demand for judgment." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000) (internal quotation marks and citation omitted).  Nevertheless, this Court has held that as long as the defendant receives notice that some damages may awarded, allegations and supporting affidavits regarding damages suffice to support a default judgment

for money damages.  *See Mongue v. Portofino Ristorante*, 751 F. Supp. 2d at 796-97.  Here, Defendants had notice of the damages sought by Plaintiffs through the Complaint, their own internal records, and the documents supporting Plaintiffs Motion for Default Judgment.

Here, the Plaintiffs seek compensation for hours worked for which the Defendants did not pay them.  In total, Plaintiff Labuda seeks $66,000, Plaintiff Hicks seeks $43, 528.86, and Plaintiff Knowlton seeks $28,451.31.  The Plaintiffs' affidavits in support of their request for default judgment are in order, and this Court finds that the Plaintiffs are entitled to wages for the claimed hours.  However, in addition to the underlying wages owed to them, each Plaintiff requests that the damages be trebled pursuant to the Maryland Wage Payment and Collection Law.  Section 3-507.1(b) of the MWPCL provides that if "a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs."  MD. CODE ANN. LAB. & EMPL. § 3-507.1(b).  In noting that the award of up to treble damages is at the discretion of the fact-finder, this Court has previously noted that "[e]nhanced damages serve the dual purposes of compensating employees for consequential losses, such as late charges or evictions, that can occur when employees who are not properly paid are unable to meet their financial obligations; and of penalizing employers who withhold wages without colorable justification."  *Lopez v. Lawns 'R' US*, No. DKC-07-2979, 2008 WL 2227353, at *4 (D. Md. May 23, 2008).

In *Lopez*, this Court only awarded "two times [plaintiffs'] unpaid regular wages," after concluding that although the defendants "did not offer any evidence of a bona fide dispute,"

plaintiffs "did not offer any evidence of consequential damages suffered because of the underpayments." *Id.* Similarly, in *Mongue*, this Court again awarded only double damages for unpaid wages when the plaintiffs failed to offer any evidence of consequential damages. *Mongue*, 751 F. Supp. 2d at 799-800. Like the plaintiffs in *Lopez* and *Mongue*, the Plaintiffs here have not claimed any consequential damages, and have provided no evidence of such damages. Accordingly, because there is no evidence relating to a bona fide dispute over the wages owed, the Defendants are subject to a punitive premium, but double—instead of treble—damages are more appropriate in this case. In that regard, the awards for unpaid wages are as follows:

| | |
|---|---|
| Plaintiff Steve Labuda: | $44,000.00 |
| Plaintiff Herman Hicks: | $29,019.24 |
| Plaintiff Warren Knowlton: | $18,548.32 |

In addition to those amounts, the Plaintiffs are also entitled to an award of reasonable attorney's fees. *See* 29 U.S.C. § 216(b); MD. CODE ANN. LAB. & EMPL. §§ 3-427(d) & 3-507.1. The calculation of a reasonable fee award, known as the lodestar award, is reached by multiplying the reasonable hours expended by a reasonable hourly rate. *See Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *see also Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (noting that "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award"); Local Rules, Appendix B. In that regard, Plaintiffs are directed to submit a petition in support of fees and costs within ten (10) days of the entry of this Memorandum Order.

Accordingly, it is this 22nd day of May, 2012, ORDERED that:

1. Plaintiffs' Motion for Default Judgment (ECF No. 8) is GRANTED;

2. Plaintiff Labuda is entitled to a judgment in the amount of $44,000.00;

3. Plaintiff Hicks is entitled to a judgment in the amount of $29,019.24;

4. Plaintiff Knowlton is entitled to a judgment in the amount of $18,548.32;

5. Plaintiffs are entitled to an award of attorney's fees and costs;

6. Plaintiffs shall submit a petition for their fees and costs pursuant to Appendix B of this Court's Local Rules within ten (10) days of the entry of this Order; and

7. The Clerk of the Court shall transmit copies of this Memorandum Order to Counsel.

Dated:  May 22, 2012

/s/_____
Richard D. Bennett
United States District Judge